IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

OTIS OLIVER MCCRAY                                                              PLAINTIFF

V.                                              CIVIL ACTION NO.: 3:15CV60-GHD-SAA

MDOC, ET AL.                                                                  DEFENDANTS

## ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate housed at the Marshall County Correctional Facility, filed the instant § 1983 suit against the defendants and requested to proceed *in forma pauperis* ("IFP") in this action. Along with his IFP application, the plaintiff's institutional account information was submitted. The account information was presumably certified by an authorized account officer at the facility in accordance with 28 U.S.C. § 1915(a)(2). *See* 28 U.S.C. § 1915(a)(2) (requiring a prisoner's affidavit of indigence to be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint. . . , obtained from the appropriate official of each prison at which the prisoner is or was confined"). Upon review of the IFP application, the Clerk advised the Court that the signature of the authorized inmate account officer was not legitimate. Thereafter, the Court entered an order requiring the plaintiff to show cause why this action should not be dismissed based upon his dishonesty to the Court.

The plaintiff has now responded to the Court's order to show cause. He appears to admit that he signed someone else's name to his institutional account certification, but he maintains that his forgery should be excused based upon the seriousness of his allegations and the fact that

his case manager is unhelpful. The Court notes that the prisoner account certificate submitted by the plaintiff notifies the inmate that "THIS FORM IS TO BE COMPLETED BY AN AUTHORIZED INSTITUTIONAL OFFICER." ECF No. 2, p.3. The form clearly states that the information must be certified by the "Prison Inmate Account Officer's Signature." *Id.* Rather than submit a blank form and attempt to argue his entitlement to IFP status despite the alleged uncooperativeness of staff, the plaintiff chose to disregard the judicial process and deliberately submitted a forged signature to the Court in clear violation of § 1915(a)(2). Therefore, his application to proceed IFP is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE** to the plaintiff's ability to pay the filing fee in full and thereafter litigate this action.

**SO ORDERED**, this the 7th day of May, 2015.

_____
SENIOR U.S. DISTRICT JUDGE